PHILIP J. CROWLEY, APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Argued November term, 1923—Decided March 12, 1924.

Negligence—Trolley Car—Injury to Passenger in Boarding Car—Debris Remaining From Repair Work at Point Where Car Stops to Receive Passengers May Be Negligence—Whether Passenger in Failing to Observe Condition of Street, Especially When Traffic Demands a Part of His Attention, is Guilty of Contributory Negligence, Proper Question for Jury.

On appeal from the Hudson Circuit.

For the appellant, *Leonard J. Tynan.*

For the appellee, *Alexander Simpson.*

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

PER CURIAM.

The suit was instituted to recover damages for· an injury sustained by the plaintiff when about to board a car of the defendant company, at the corner of the boulevard and West Newark avenue, Jersey City. The damage was incurred by reason of the fact that at the point where plaintiff attempted to get on the car the defendant had been repairing its tracks by tearing up the old pavement adjacent to the tracks and putting down new pavement. In performing this work the defendant had left some loose cobblestones, which were either wholly or partially covered by sand, so disarranged that when the plaintiff stepped on one of the stones at the point where he was to take the car, the stone caused him to fall and the injury ensued. The proofs show that the car stopped at this point just before the accident happened,· so that the plaintiff practically was impliedly invited to board it,· and in his effort so to do, without any particular observation of the pavement, he fell and was injured. Upon a former trial the plaintiff obtained a verdict which, upon a rule to show cause (in which exceptions were reserved), was made absolute as to damages only. The case was again tried, another verdict for the plaintiff obtained, and this appeal was then taken. No question is raised as to the right of the defendant to take the appeal after the second trial, and, manifestly, no substantial objection can be urged thereto.

The substantial grounds upon which we are asked to reverse are failure to nonsuit and failure to direct a verdict at the first trial. To these refusals exceptions were taken and the exceptions were reserved in the rule to show cause. Both of these actions were properly refused, since there was evidence that the presence of the loose cobblestones covered with sand was the work of defendant's employes, who were repairing the track at that point, and who thus created the danger which caused the injury. *Schreiber* v. *Public Service Railway Co.,* 89 *N. J. L.* 183.

There was also evidence that the plaintiff signaled the car to stop at the corner, and that the car stopped there apparently for the purpose of taking the plaintiff on at that point, which was an implied invitation to him to board the car; and there was no proof offered by the defendant that it did not stop for that purpose.

Whether the plaintiff was guilty of contributory negligence in not observing the condition of the roadway at this point, particuarly in view of the fact that traffic conditions at that corner were such as to require the presence of a traffic officer, thus indicating a volume of travel which made it unsafe for one to continually keep his eyes on the ground when attempting to board the car, manifestly presented a jury question.

Our examination of the remaining grounds of appeal has convinced us that they are insubstantial.

The judgment will be affirmed.